UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,
ex. rel. TRAKHTER,

    Plaintiff-Relator,

vs.

PROVIDER SERVICES, INC.,
et al.,

    Defendants.

Case No. 1:11-cv-217

Judge Timothy S. Black

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF-RELATOR'S MOTION FOR
RELATOR FEES, COSTS AND EXPENSES (Doc. 42)**

This case is before the Court on the Motion of Vladimir Trakhter for "Relator fees, costs and expenses" (Doc. 42) as well as the parties' responsive memoranda (Docs. 46, 50, 52).

## I.    INTRODUCTION

On March 7, 2011, Mr. Trakhter commenced this action pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). The Complaint alleged that Defendants Provider Services, Inc. and Olympia Therapy, Inc. (collectively, "Defendants") knowingly submitted or caused the submission of false claims for medically unnecessary therapy services provided to Medicare Part A patients at skilled nursing facilities. The United States subsequently elected to intervene. (Doc. 35).

In July, 2017, a $19.5 million global settlement was reached between the United States, Mr. Trakhter and Defendants (as well as relators and defendants in Case No. 1:12-cv-00935) to resolve False Claims Act claims brought by, *inter alia*, Mr. Trakhter.[1] (Doc. 45-1). Of that amount, $15,527,844 is attributable to Mr. Trakhter's claims. (*Id.* at 5). As part of the settlement, the United States agreed to award $2,872,651.14 to Mr. Trakhter. (*Id.* at 6).

## II.  STANDARD

If the Government proceeds with a *qui tam* action brought by a private person, that person shall "receive at least 15 percent but not more than 25 percent of the proceeds of the action or settlement of the claim, depending upon the extent to which the person substantially contributed to the prosecution of the action." 31 U.S.C. § 3730(d)(1). Any such person shall "also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." *Id.*

## III.  ANALYSIS

In the current motion, Mr. Trakhter seeks to recoup "relator fees" as well as his own "costs and expenses."[2] (Docs. 42, 46). Specifically, Mr. Trakhter seeks to recoup $7,468 in his own "labor fees," which represents 194.50 hours that Mr. Trakhter alleges

---

[1] "Case No. 1:12-cv-00935" refers to another False Claims Act lawsuit filed in December 2012 by former employees of Tridia Hospice Care, Inc. against several defendants alleging excessive therapy and submission of false Medicare claims for hospice services.

[2] Through counsel, Mr. Trakhter filed a separate motion for attorneys' fees and costs incurred by the attorneys that represented him in this case. (Docs. 44-45). In filing the current motion—by himself, without the assistance of counsel— Mr. Trakhter seeks to recover his own personal expenses, as well as the value of his time spent on this case.

he spent on "assignments, research, and meetings" at a rate of $38.40 per hour.[3] Mr. Trakhter also seeks to recoup $546.92 in "costs and expenses."

Defendants argue that Mr. Trakhter is not entitled to the $7,468 he requests as compensation for his own "labor fees" because "labor fees" are not compensable under 31 U.S.C. § 3730(d)(1). (Doc. 50 at 1-3). Defendants consent to the Court awarding Mr. Trakhter $546.92 for his costs and expenses, which Defendants concede are recoverable under the statute. (*Id.* at 1).

The Court agrees with Defendants for two reasons. First, a private plaintiff in a False Claims Act *qui tam* action may recover his "reasonable expenses" as well as his "attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). On its face, the *qui tam* statute does not allow the recovery of "labor fees." *Id.*

Second, a private plaintiff in a False Claims Act *qui tam* action is compensated for his time and effort through the *qui tam* award pursuant to § 3730(d)(1). *See* 31 U.S.C. § 3730 (d)(1) (explaining that a plaintiff shall receive "at least 15 percent but not more than 25 percent of the proceeds of the action or settlement . . . *depending upon the extent to which the person substantially contributed to the prosecution of the action*.") (emphasis added); *see also Alderson v. United States*, 718 F. Supp. 2d 1186, 1190 (C.D. Cal. 2010) (explaining that a False Claims Act *qui tam* award is "given in exchange for [the private plaintiff's] information and services.").

Here, Mr. Trakhter is already being compensated for his contributions and effort in prosecuting this action by the *qui tam* award he is receiving from the United States in the

---

[3] The Court does not know the origin of Mr. Trakhter's claimed hourly rate.

amount of $2,872,651.14. His "labor fees" are not expressly recoverable, and any award of "labor fees" would be unnecessarily duplicative of the *qui tam* award he is receiving from the United States.

## IV. CONCLUSION

For the foregoing reasons, Mr. Trakhter's motion for relator fees, costs and expenses (Doc. 42) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion is **GRANTED** to the extent it seeks to recover $546.92 in costs and expenses, and **DENIED** to the extent it seeks to recover $7,468 in "labor fees."

**IT IS SO ORDERED**.

Date: 3/1/18 *s/ Timothy S. Black*
Timothy S. Black
United States District Judge